409 P.2d 384

J. SEAL, Plaintiff and Respondent,

v.

CARPETS, INC., Defendant and Appellant.

No. 10333.

Supreme Court of Utah.

Jan. 3, 1966.

Gordon A. Madsen, Salt Lake City, for appellant.

Hansen & Sumsion, Robert B. Hansen, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment in favor of plaintiff assignee of a Denver carpet wholesaler called G. & P. Co. for a balance due for carpets sold by the latter to defendant, local carpet retailer, in a case tried to the court. Affirmed, except as to one minor item, hereinafter noted, with costs to plaintiff.

Early in November 1962, defendant undertook to carpet thirty-six apartments for United Homes, local builder. It ordered the carpets from G. & P., through the latter's agent, at an agreed price, and the carpeting was forwarded, some from Denver, some from Dallas and some from the mill. Difficulties arose between defendant and United Homes, the latter complaining on December 21, 1962 and January 9, 1963 about Carpets, Inc.'s delay, poor work-

manship and defective material, and a difference arose as to a settlement price. The job was billed at $13,125 on January 25, 1963, less $270 allowance for wrong carpet used, leaving a balance of $12,855, all of which United Homes refused to pay, the parties finally settling on $11,500 which was paid to Carpets, Inc. on April 3, 1963. Shortly prior thereto on March 25, 1963, upon demand theretofore having been made by G. & P. by wire on March 22, 1963 for a balance due, claimed to be in excess of $9,000, Carpets, Inc. wired G. & P. as follows: "Regards your wire of 3-22-63 you may expect HX toward the end of this week." On April 17, 1963, not having heard from Carpets, Inc. by the time expressed, G. & P. wired again saying "Check promised March 25 not received. Must have check for $9,641.08 by Monday or will have to use strong measures." Six months later, on October 22, 1963, Carpets, Inc., through a local attorney, wrote to G. & P. stating the carpeting was defective, contrary to representations made, resulting in a $4,200 loss, and stating that no payment would be made until reimbursement was had for such claimed loss. Hence this litigation.

Judgment was rendered for a balance due from Carpets, Inc. to G. & P., less a $1,625 set off for carpets furnished by the latter that the trial court concluded was not up to par quality-wise.

Carpets, Inc. urges that the court erred 1) in preventing it from introducing evidence as to delay in delivery by G. & P. in order to show loss of business and future profits and 2) the judgment did not conform to the evidence adduced. G. & P. cross-appealed claiming error as to the offset granted.

■ As to 1): The court pointed out that this was a new issue interjected into the trial, but over objection of counsel for plaintiff, allowed it to make a proffer of evidence to perfect the record. The only proffered evidence was two letters from United Homes complaining about *Carpets, Inc.'s delay* in installation, not any delay in delivery by G. & P., and some proposed oral testimony which, as proffered, simply amounted to conjecture. We think this point on appeal is not well taken.

■ As to 2): Practically all of the evidence set forth in Carpets, Inc.'s brief is that given by two officials of Carpets, Inc. and a University student who managed the apartments,—all favorable to Carpets, Inc., the loser here, to the general effect the carpeting was defective or not wearable, all of which was somewhat watered down on cross-examination, and certainly by witnesses called by plaintiff, one of whom was an expert at inspecting carpets who had examined the carpets in six of the apartments the day before, who was an independent witness, not interested in either

party, whose testimony went to and quite generally refuted that given on behalf of Carpets, Inc. The Carpets, Inc. brief reciting mostly the testimony favorable to *its* position, which is natural, cites and adopts the statement of another Seal v. Carpets, Inc.,[1] decided in Carpets, Inc.'s favor, that "There appears ample, sufficient, substantial, competent and believable evidence, viewed favorably for defendant, to support the trial court's conclusion." We affirmed the trial court in that case, based on such principle, and affirm the trial court here under the same principle, after examining the record.

As to G. & P.'s cross-appeal: The trial court saw five or six of the apartments himself, said a lay person could tell the difference in quality of the carpeting in one area, generally concluded that there was not the defective material claimed except as noted, and arrived at the $1,625 offset in the fashion that a jury well might. The final settlement between United Homes and Carpets, Inc. was $11,500. The amount billed the former was $13,125. The differential was $1,355; Carpets, Inc. gave United Homes a $270 allowance, which added thereto comes to $1,625, the offset. We think the $270 cannot be offset, so that deducting it, the offset should be $1,355.

The judgment shall be amended accordingly and in other respects it is affirmed.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.

---

1. 13 Utah 2d 147, 369 P.2d 493 (1962).